# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

TELECURE TECHNOLOGIES, INC.,

    Plaintiff,

v.                                                    Case No: 6:22-cv-506-PGB-LHP

ADNAN MALIK,

    Defendant

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: DEFENDANT'S MOTION FOR AN ORDER AWARDING DEFENDANT'S COSTS AND REASONABLE ATTORNEY'S FEES FOR DEFENDING PLAINTIFF'S ACTION THAT IT HAS VOLUNTARILY DISMISSED (Doc. No. 16)**
>
> **FILED:** April 25, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I. INTRODUCTION.

On March 9, 2022, Plaintiff Telecure Technologies, Inc. instituted this action for injunctive relief and damages against Defendant Adnan Malik, alleging one claim of breach of contract based on Defendant's alleged breach of a written Separation and Release Agreement following his separation from employment with Plaintiff. Doc. No. 1. Plaintiff included as an exhibit to the complaint a copy of the Separation and Release Agreement. Doc. No. 1-1.

On the same day, Plaintiff filed a Motion for Preliminary Injunction. Doc. No. 2. After receipt of Defendant's response (Doc. No. 12) and Plaintiff's reply (Doc. No. 13), the Court denied the motion on April 14, 2022, finding that Plaintiff had failed to establish irreparable injury. Doc. No. 14. On April 21, 2022, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Doc. No. 15. The case has since been dismissed without prejudice. Doc. No. 17.

On April 25, 2022, Defendant filed the above-styled motion, in which he seeks a finding of entitlement to attorney's fees and costs. Doc. No. 16. In support, Defendant points to a provision allowing for attorney's fees related to arbitration set forth in the Separation and Release Agreement, *see* Doc. No. 1-1 ¶ 9, as well as Fla. Stat. § 57.105 regarding contractual fee-shifting, and asks the Court to find him

a prevailing party based on Plaintiff's voluntary dismissal of this case. *Id.* The motion has been referred to the undersigned.

Plaintiff has not responded to the motion, and the time for doing so has expired. *See* Local Rule 3.01(c). Accordingly, the undersigned deems the motion to be unopposed. *See id.* Despite the unopposed nature of the motion, however, upon review, the undersigned will respectfully recommend that the motion be denied, for the reasons set forth herein.

## II. ANALYSIS.

Because this is a diversity jurisdiction case, *see* Doc. No. 1 ¶ 4, the Court looks to the substantive law of the forum state to determine entitlement to attorney's fees and costs. *See McMahan v. Toto*, 256 F.3d 1120, 1131–32 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002). Florida follows the general rule that "a prevailing litigant is not entitled to collect attorneys' fees from the loser, unless a statute or contract provision allows for such an award." *Rabco Corp. v. Steele Plaza, LLC*, No. 6:16-cv-1858-Orl-40KRS, 2018 WL 7982921, at *3 (M.D. Fla. Aug. 9, 2018) (citing *Herbst v. N. Ocean Condos, L.P.*, No. 08-60869-CIV, 2009 WL 2257827, at *2 (S.D. Fla. July 29, 2009)).

Here, Defendant points to the parties' Separation and Release Agreement, and states as follows:

> In the parties' Separation Agreement and Release there is express and specific language on prevailing party attorney's fees in

> paragraph 9, the Arbitration provision of the Agreement. However, that same language is not carried over and expressly and specifically set forth in paragraph 10, the injunctive relief provision of the Agreement. Notwithstanding paragraph 10 being silent on the prevailing party attorney's fees language, paragraph 10 is an alternative enforcement provision to Article 9 which has the prevailing party attorney's fees language for an arbitration action. Therefore, Article 10 can reasonably be construed that the intent of the parties was to also have the prevailing party attorney's fees language if Telecure was to bring an injunction action against Malik which it filed and that it lost on prosecuting against Malik.

Doc. No. 16, at 3–4.[1] Defendant also points to Florida Statute § 57.105(7), *see id.* at 4–5, which states that "[i]f a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract."[2]

---

[1] Presumably, Defendant refers to the Separation Agreement and Release submitted as an exhibit to Plaintiff's complaint, *see* Doc. No. 1-1, although Defendant provides no citation to the docket, nor does Defendant attach a copy of the Separation Agreement and Release to the motion. *See* Doc. No. 16.

[2] It is not entirely clear from the motion why Defendant relies on Fla. Stat. § 57.105(7). Section 57.105 is not an independent statutory basis to award fees in this case, and it only applies to unilateral fee provisions. *See Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1336 (11th Cir. 2018) (explaining that "§ 57.105(7) of the Florida Statutes renders a unilateral contract clause for prevailing party attorney's fees bilateral in effect. . . . . The statute, however, is not an independent source for the award of legal fees. Rather, § 57.105(7) only applies in instances where there is a contract provision allowing attorney's fees to one party when it is required to take legal action to enforce the contract." (citations omitted)). Given that the fee provision in paragraph 9 of the parties' agreement allows for fees to the prevailing party – in other words it is not a unilateral fee provision – it does not appear that § 57.105 has any application here. *See also Levy v. Levy*,

The problem for Defendant is that the only contractual provision providing for recovery of attorney's fees set forth in the Separation and Release Agreement relates solely to arbitration. Specifically, the Separation and Release Agreement provides, in relevant part, as follows:

> 9. **Arbitration.** Any dispute or controversy arising under or in connection with this Agreement, the Employment Agreement, or Executive's employment with, association with, or ownership in the Company shall be settled exclusively by arbitration . . . . The parties acknowledge and agree that *in connection with any such arbitration the prevailing party as determined by the arbitrator may be awarded its costs and expenses, including reasonable legal fees and expenses, and the Arbitrator's fees and arbitration costs*.

Doc. No. 1-1 ¶ 9 (emphasis added). The remainder of the Separation and Release Agreement is silent as to prevailing party attorney's fees with regard to enforcement of the contract. *See* Doc. No. 1-1. And notably, paragraph 10 of the Separation and Release Agreement, which addresses injunctive relief sought in Court, does not provide for prevailing party attorney's fees:

> 10. **Applicable Law; Jurisdiction and Venue**.

---

326 So. 3d 678, 681 (Fla. 2021) (finding that when "either party" is entitled to an award of attorney's fees under an agreement, and the agreement grants both parties "precisely the same contractual right to attorney's fees," § 57.105 does not apply). And notably, "an attorney's fees provision is only reciprocal if the prevailing party's claim falls within the ambit of the fees provision." *Davis Grp., Inc. v. Ace Elec., Inc.*, No. 6:14-cv-251-Orl-TBS, 2016 WL 11455984, at *3 (M.D. Fla. Aug. 31, 2016). As discussed in this Report, Defendant has not established that this litigation falls within the ambit of the fees provision in paragraph 9 of the Separation and Release Agreement.

> (a) This Agreement shall be governed by and construed in accordance with the laws of the state of Florida, without giving effect to the principles of conflicts of law.
>
> (b) Notwithstanding Section 9, Executive acknowledges that the Company may seek injunctive relief in Court to enforce Sections 2 and 8 of this Agreement, as well as Sections 5-8 of the Employment Agreement, and Executive consents to the exclusive jurisdiction of any state or federal court of competent jurisdiction located within Orange County, Florida, and Executive irrevocably agrees that all actions or proceedings relating to Sections 2 and 8 of this Agreement, as well as Sections 5-8 of the Employment Agreement may, at the sole option and unfettered discretion of the Company, be litigated in such courts. Executive and the Company irrevocably waive Executive's and the Company's right to object to or challenge the above selected forum on the basis of inconvenience or unfairness under 28 U.S.C. § 1404, or similar state or federal statutes.

*See id.* ¶ 10.

Defendant nonetheless urges the Court to read a prevailing party fee provision into paragraph 10 regarding injunctive relief. Doc. No. 16, at 3–4. Defendant cites no legal authority supporting this position. *See id.* at 3–7.

Under Florida law, "[t]he right to attorney's fees under any contractual provision is limited by the terms of such provision." *Islander Beach Club Condo. v. Skylark Sports, LLC*, 975 So. 2d 1208, 1211 (Fla. 5th Dist. Ct. App. 2008) (quoting *Bowman v. Kingsland Dev., Inc.*, 432 So. 2d 660, 664 (Fla. 5th Dist. Ct. App. 1983)). "Attorney's fees are not necessarily recoverable as to any and all litigation relating to a contract with an attorney's fees clause." *Vill. 45 Partners, LLC v. Racetrac Petroleum Inc.*, 831 So. 2d 758, 760 (Fla. 4th Dist. Ct. App. 2002) (citing *Bowman*, 432

So. 2d at 664). "[I]f an agreement for one party to pay another party's attorney's fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable." *Sholkoff v. Boca Raton Cmty. Hosp., Inc.*, 693 So. 2d 1114, 1118 (Fla. 4th Dist. Ct. App. 1997).

Here, the fee provision is limited to arbitration proceedings. *See* Doc. No. 1-1 ¶ 9. Thus, I will respectfully recommend that the Court reject Defendant's invitation to rewrite the parties' contract to find that Defendant is entitled to attorney's fees as the prevailing party in this litigation. *See Bruce v. Barcomb*, 675 So. 2d 219, 221–22 (Fla. 2d Dist. Ct. App. 1996) (determining that contractual fee provision related solely to matters being arbitrated, and thus the defendants were not entitled to contractual fees after a voluntary dismissal by the plaintiff in the state circuit court).[3]

---

[3] In similar contexts, courts also deny entitlement to fees where the contract provides for recovery of fees only for litigation of certain types of claims. *See, e.g.*, *Williams v. Spanish Trace of Orlando, Ltd.*, No. 6:11-cv-1163-Orl-28DAB, 2012 WL 1416413, at *2 (M.D. Fla. Apr. 4, 2012), *report and recommendation adopted*, 2012 WL 1415592 (M.D. Fla. Apr. 24, 2012) (denying entitlement to fees under contract where the contractual attorney's fees provision was limited to actions for default, did not apply for each and every possible breach of contract claim, nor was the fee provision a stand-alone paragraph applicable to the entire agreement); *Mosley v. Bayview Loan Servicing, LLC*, No. 8:16-cv-2086-T-33AAS, 2017 WL 319292, at *2 (M.D. Fla. Jan. 5, 2017), *report and recommendation adopted*, 2017 WL 275981 (M.D. Fla. Jan. 20, 2017) (denying entitlement to attorney's fees where the contractual provision at issue only applied to actions to enforce the agreement, and the plaintiff was only alleging violations of the Real Estate Settlement Procedures Act); *Lankhorst v. Indep. Sav. Plan Co.*, No. 3:11-cv-390-J-34JRK, 2015 WL 5724369, at *4 (M.D. Fla. Sept. 28, 2015) (denying entitlement to attorney's fees where the fee provision was limited to actions for failure to pay or default, and thus, the defendant was not entitled to recover contractual fees for defending federal statutory claims); *Herron v. Penske Truck Leasing Co.*,

Defendant also states that Plaintiff pursued parallel claims against him in this Court and in arbitration, which Plaintiff "should not have done," in that Plaintiff is pursuing the same claims voluntarily dismissed in this case as counterclaims in pending arbitration. Doc. No. 16, at 2–3. Defendant further notes that Plaintiff sought attorney's fees in the complaint filed in this Court. *Id.* at 3 (citing Doc. No. 2, at 9, paragraph (c) of "wherefore" clause). But Defendant nowhere explains how or whether these recitations have any effect on his ability to pursue attorney's fees under the Separation and Release Agreement. *See id.* Nor does Defendant cite any legal authority in support. *See id.*

Without a contractual or statutory provision entitling him to attorney's fees, Defendant's motion must be denied. *See Dade Cty. v. Pena*, 664 So. 2d 959, 960 (Fla. 1995) (stating that attorneys' fees may not be awarded absent a statutory or contractual provision for such fees). *See also Anderson Columbia Co. v. State, Dep't of Transp.*, 744 So. 2d 1206, 1207 (Fla. 1st Dist. Ct. App. 1999) ("There was no general right at common law accorded a party to recover attorney's fees in litigation from the opposing party. A party's right to fees is limited by statute and by contract."). And in the absence of any such provision in this case, it is unnecessary for the Court

---

*LP*, No. 8:09-cv-1488-T-27TBM, 2009 WL 10670447, at *5 (M.D. Fla. Nov. 6, 2009) (denying entitlement to attorney's fees when the agreement at issue applied only in collection actions or actions for gaining possession, and the litigation was neither).

to further address Defendant's remaining contentions that he is a prevailing party entitled to fees under Florida law.

## IV. RECOMMENDATION.

For the reasons stated above, it is respectfully **RECOMMENDED** that the Court **DENY** Defendant's Motion for an Order Awarding Defendant's Costs and Reasonable Attorney's Fees for Defending Plaintiff's Action That It Has Voluntarily Dismissed (Doc. No. 16).

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 9, 2022.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record
Unrepresented Party